IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELCEY JAMES MORSETTE,<br><br>Defendant. | CR 20-34-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

### I. Synopsis

Defendant Kelcey James Morsette (Morsette) has been accused of violating the conditions of his supervised release. Morsette admitted alleged violations 1 and 2. Morsette denied alleged violation 3. The government satisfied its burden of proof with respect to alleged violation 3. Morsette's supervised release should be revoked. Morsette should be placed in custody for 9 months, with no supervised release to follow.

### II. Status

Morsette pleaded guilty to Assault Resulting in Serious Bodily Injury on February 24, 2021. (Doc. 30). The Court sentenced Morsette to 21 months of custody, followed by 3 years of supervised release. (Doc. 38). Morsette's current

term of supervised release began on December 15, 2023. (Doc. 58 at 2).

**Petition**

The United States Probation Office filed a Petition on January 3, 2024, requesting that the Court revoke Morsette's supervised release. (Doc. 58). The Petition alleged that Morsette had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using methamphetamine; and 3) by failing to notify his probation officer of a change in residence.

**Initial appearance**

Morsette appeared before the undersigned for his initial appearance on February 6, 2024. Morsette was represented by counsel. Morsette stated that he had read the petition and that he understood the allegations. Morsette waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 6, 2024. Morsette admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; and 2) by using methamphetamine. Morsette denied alleged violation 3. The government satisfied its burden of proof with respect to alleged violation 3. The violations are serious and warrant revocation of Morsette's

2

supervised release.

Morsette's violations are Grade C violations. Morsette's criminal history category is I. Morsette's underlying offense is a Class C felony. Morsette could be incarcerated for up to 24 months. Morsette could be ordered to remain on supervised release for up to 27 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 to months.

### III. Analysis

Morsette's supervised release should be revoked. Morsette should be incarcerated for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Morsette that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Morsette of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Morsette that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Kelcey James Morsette violated the conditions of his supervised release: by consuming alcohol; by using methamphetamine; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

That the District Court revoke Morsette's supervised release and commit Morsette to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 7th day of February, 2024.

                                                  John Johnston
                                                  United States Magistrate Judge